# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES E. BROWN, JR for CHARLES BROWN III,<br><br>　　　　Plaintiff<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant | Case No.: 3:20-cv-00545-MMD-WGC<br><br>**Order**<br><br>Re: ECF Nos. 1, 1-1 |

Before the court is Plaintiff's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1).

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis (IFP) if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

## II. SCREENING STANDARD

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

Preliminarily, the court notes that the IFP application names "SSi" as the plaintiff and "Charles E. Brown, Jr." as the Defendant. The IFP application goes on to state that this person is retired, and later in the application states that "Charles Brown III" has four other children. The application is signed by Charles E. Brown Jr. (ECF No. 1.)

The complaint also lists "SSi" as the plaintiff, but lists "Charles E. Brown, Jr. for Charles Brown III" as the defendant in the caption and then lists only Charles E. Brown, Jr. as both the plaintiff and the defendant in the list of parties to the complaint. The complaint goes on to state that the basis for jurisdiction is a federal question and states "over payment for my son Charles

Brown III SSI." In the statement of the claim, it states: "I only use his payments for clothing or rent food utilities rent as I was insure [sic] I couldn't make him see his mental health doctor."

It is unclear whether Plaintiff is referring to the Social Security Administration when he lists "SSi" in the IFP application and complaint. It is also unclear whether the Plaintiff is actually Charles Brown III or Charles E. Brown, Jr., or whether the son Charles Brown is or is not a minor. In any event, the plaintiff cannot be the same party as the defendant, and if one of the Charles Browns is the plaintiff, then the action would be proceeding against the Commissioner of the Social Security Administration, who would be the defendant. It is therefore unclear *who* is seeking IFP status. Additionally, a party cannot file a lawsuit on behalf of another person, unless that person is a minor, or if the person filing the lawsuit is a lawyer or has another legal basis for acting on behalf of another.

The other issue is that federal courts have sole jurisdiction to conduct judicial review of the Social Security Administration's final determination regarding the award of benefits. *See* 42 U.S.C. § 405(g). Before such a complaint can be filed in the United States District Court, the Social Security claimant must exhaust administrative remedies with the Social Security Administration. This means, that the claimant must file an initial application for benefits, then seek reconsideration, and if that is unsuccessful, request a hearing before an administrative law judge (ALJ). If unsuccessful before the ALJ, the claimant may seek review before the Appeals Council. If the Appeals Council denies the relief requested and upholds a denial of benefits, then the decision of the Commissioner is considered final, and the claimant may seek review in the United States District Court. Furthermore, it is not even clear that the complaint seeks review of the final decision of the Commissioner of Social Security as it only makes a vague reference about overpayments. Therefore, at this juncture, it is unclear whether Plaintiff can proceed with a

lawsuit based on this very limited information. As such, the complaint will be dismissed, but with leave to amend so that the deficiencies noted in this order may be corrected.

### IV. CONCLUSION

(1) Plaintiff's application to proceed IFP (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a renewed IFP application that clearly sets forth who the parties are, and who is moving for IFP status (which must be the plaintiff).

(2) The complaint (ECF No. 1-1) is **DISMISSED WITH LEAVE TO AMEND.** Plaintiff has **30 days** from the date of this Order to file an amended complaint, and shall title it as such. The amended complaint shall clearly identify *who* the plaintiff is, and *who* the defendant is. In addition, the amended complaint must include factual allegations that state a viable claim for relief, i.e., the basis for the lawsuit and whether the plaintiff is seeking review of the Commissioner's final determination to deny benefits and that administrative remedies have been exhausted within the Social Security Administration. Alternatively, Plaintiff may file a notice within 30 days advising that he does not seek to proceed further with this action. If Plaintiff does not timely take the action described herein, the action will be dismissed.

**IT IS SO ORDERED**.

Dated: March 22, 2021

_____
William G. Cobb
United States Magistrate Judge